```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/16/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

               Plaintiff,

-against-

JOVAL PALMER,

               Defendant.

1:20-cr-379-MKV

ORDER

MARY KAY VYSKOCIL, United States District Judge:

        The Court is in receipt of a letter from Defendant Joval Palmer filed on September 14, 2021 without assistance of counsel. [ECF No. 94]. Mr. Palmer requests that this Court reduce his sentence "under the First Step Act." [ECF No. 94]. He asserts that the sentence imposed was unduly harsh and that this Court should take into consideration his "circumstances" and "the impact COVID has had on inmates." [ECF No. 94].

        As background, Mr. Palmer pleaded guilty to Count one of the indictment for Hobbs Act Robbery and the lesser included offense of Count two for using, carrying and possessing a firearm during and in relation to a crime of violence, specifically the Hobbs Act robbery charged in Count One. [ECF No. 92]. Counts three and four were dismissed by the Court at the time of sentencing on motion by the government. [ECF No. 92]. The Court imposed a sentence of 36 months' imprisonment on Count One and the mandatory minimum of 60 months' imprisonment on Count two, to run consecutively, as required, for a total of 96 months' imprisonment. [ECF No. 92]. The Court also imposed three years supervised release on each count, to run concurrently. [ECF No. 92]. On September 7, 2021, Mr. Palmer appealed his sentence. [ECF No. 93]. On September 14, 2021, this Court received the letter at issue from Mr. Palmer requesting a reduction in sentence. [ECF No. 94].

1

The Court filed Mr. Palmer's letter on the docket and forwarded it to Mr. Palmer's counsel and the government. The Court also issued an order directing Mr. Palmer's counsel to confer with Mr. Palmer regarding whether the Court should construe the letter as a Motion to Reduce his Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). [ECF No. 95]. Mr. Palmer's current counsel, John Maringolo, responded to the Court's order, advising that on September 14, 2021, he had filed a motion to withdraw as counsel of record in connection to Mr. Palmer's pending appeal before the Second Circuit. [ECF No. 96]. Mr. Meringolo requested withdrawal due to divergent opinions with Mr. Palmer concerning the viability of certain arguments challenging his sentence. [ECF No. 96]. The Second Circuit has not yet ruled on the motion. [ECF No. 96]. Mr. Maringolo requests that Mr. Palmer be appointed new counsel pursuant to the Criminal Justice Act. [ECF No. 96].

Mr. Palmer does not state in his letter whether his request is a motion to reduce his sentence pursuant to the First Step Act of 2018 (hereinafter "First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018), or a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). However, whether Mr. Palmer relies on the First Step Act or § 3582, this Court lacks jurisdiction to determine the merits of his motion because he has appealed this Court's imposition of sentence.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Although the district court retains the ability to correct clerical errors or to "aid the appeal," it may not substantively modify judgments. *United States v. Ransom*, 866 F.2d 574, 575–76 (2d Cir. 1989) (citations omitted). Once Mr. Palmer filed his notice of appeal, jurisdiction over questions raised in his motions transferred to the Court of Appeals. *United States v. Campbell*, No. 6:06-CR-06105 EAW, 2020 WL 1958486, at *2 (W.D.N.Y. Apr. 21, 2020); *United States v. Martin*,

No. 18-CR-834-7 (PAE), 2020 WL 1819961, at *1–2 (S.D.N.Y. Apr. 10, 2020).  Accordingly, the motion is DENIED pursuant to Fed. R. Crim. P. 37(a).

      The Clerk of Court is respectfully requested to terminate docket entries 94 and 96.

**SO ORDERED.**

**Date:  September 16, 2021**
      **New York, NY**

      _____
      **MARY KAY VYSKOCIL**
      **United States District Judge**

3